IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LINDA BLACKBURN DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:19-cv-00204 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| LEWIS-GALE MEDICAL CENTER, LLC, ) | United States District Judge |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Linda Blackburn Dalton moves for leave to file an interlocutory appeal from the court's dismissal of her claim for compensatory damages, punitive damages, and the jury demand for her retaliation claim pursuant to the Americans with Disabilities Act (ADA). (Oral Order, Dkt. No. 20.) For the following reasons, this motion is denied.

I. BACKGROUND

Dalton filed this action on March 1, 2019. (Compl., Dkt. No. 1.) She alleges claims against Lewis-Gale Medical Center, LLC for discrimination, retaliation, and failure to accommodate in violation of the ADA. Lewis-Gale moved to dismiss on April 30, 2019. (Dkt. No. 5.) On June 12, 2019, the court issued an order notifying the parties of its "intent to construe a portion of defendant's motion to dismiss as a motion for summary judgment. Specifically, the court will consider under Rule 56, rather than Rule 12, whether compensatory and punitive damages (and hence, any right to a jury on that claim) are available for plaintiff's ADA retaliation claim." (6/12/19 Order 1, Dkt. No. 17.) On June 18, 2019, the court held a hearing on the motion to dismiss and issued an oral order dismissing the claim for compensatory and punitive damages and the related jury demand for Dalton's ADA retaliation claim.

II.  DISCUSSION

In general, appellate review is reserved for final judgments.  28 U.S.C. § 1291. Notwithstanding this general rule, 28 U.S.C. § 1292(b) allows for interlocutory appeals in limited circumstances.  In order to satisfy the statutory requirements for discretionary appeal under § 1292(b), a district judge must certify (1) that the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  *Id.*  This language has been construed as granting district courts "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995).  Because § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed.  *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). The certification of an interlocutory appeal therefore requires "exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments."  *Terry v. June*, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

In unpublished opinions, the Fourth Circuit has held that compensatory damages, punitive damages, and a jury trial are unavailable for retaliation claims under the ADA.  *See Rhoads v. FDIC*, 94 F. App'x 187, 188 (4th Cir. 2004); *Bowles v. Carolina Cargo, Inc.*, 100 F. App'x 889, 890 (4th Cir. 2004).  In support, both cases relied on *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004).  In *Kramer*, the court reasoned as follows:

> We thus conclude that the 1991 Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available.  A close reading of the plain language

> of § 1981a(a)(2) makes it clear that the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA. Section 1981a(a)(2) permits recovery of compensatory and punitive damages (and thus expands the remedies available under § 2000e-5(g)(1)) only for those claims listed therein. With respect to the ADA, § 1981a(a)(2) only lists claims brought under §§ 12112 or 12112(b)(5). Because claims under the ADA (§ 12203) are not listed, compensatory and punitive damages are not available for such claims. Instead, the remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in § 2000e(5)(g)(1).

355 F.3d at 965. Moreover, because the plaintiff "was not entitled to recover compensatory and punitive damages, she has no statutory or constitutional right to a jury trial." *Id.* at 966. The Ninth Circuit subsequently agreed with the Seventh Circuit, finding that its "reliance on the plain language of 42 U.S.C. § 1981a(a)(2) adheres more closely to the precepts of statutory construction." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1268 (9th Cir. 2009).

Dalton cites a series of cases to the contrary, including circuit court opinions from the Second, Eighth, and Tenth Circuits. *See Muller v. Costello*, 187 F.3d 298, 314 (2d Cir. 1999); *Salitros v. Chrysler Corp.*, 306 F.3d 562, 570 (8th Cir. 2002); *Foster v. Time Warner Entm't Co.*, 250 F.3d 1189, 1196–98 (8th Cir. 2001); *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1249 (10th Cir. 1999). As the *Kramer* court explained, however, these decisions "focused on whether there was sufficient evidence to award compensatory and punitive damages, but none examined the legal question of whether such damages were authorized for an ADA retaliation claim." 355 F.3d at 965. There is contrary district court authority, *see, e.g.*, *Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765, 771 (W.D. Tenn. 2009), *Rumler v. Dep't of Corr., State of Fla.*, 546 F. Supp. 2d 1334, 1342–43 (M.D. Fla. 2008), but not within this circuit. *See, e.g.*, *Via v. Comm'n Corp. of Am., Inc.*, 311 F. Supp. 3d 812, 821 (W.D. Va. 2018) ("Although *Rhoads* is an unpublished decision, the court finds the reasoning of *Kramer*, on which it relies, persuasive.");

3

*Harvey v. GoBo, Inc.*, Case No. 6:16-cv-00076, 2017 WL 4973205, at *4 (W.D. Va. Nov. 1, 2017) ("Plaintiff does not contest these authorities and admits that 'there is no binding authority in the Fourth Circuit' permitting the aforementioned remedies. Thus, the Plaintiff's retaliation claim will be tried to the Court in equity."); *Akbar-Hussain v. ACCA, Inc.*, 1:16cv1323 (JCC/IDD), 2017 WL 176596, at *5 (E.D. Va. Jan. 17, 2017) ("Having adopted the reasoning in *Kramer*, this Court now finds that compensatory and punitive damages are not available for retaliation-based claims under the ADA."). Because there does not appear to be a substantial difference of opinion on this issue within the Fourth Circuit, the court will not grant leave to pursue an interlocutory appeal. *See Hinton v. Va. Union Univ.*, Civil Action No. 3:15cv569, 2016 WL 3922053, at *8 (E.D. Va. July 20, 2016) ("The fact that a handful of district courts outside the Fourth Circuit have concluded otherwise . . . does not mean that there is a 'substantial ground for difference of opinion' within the Fourth Circuit."); *United States ex rel. Howard v. Harper Constr. Co.*, No. 7:12-cv-215-BO, 2015 WL 9463103, at *2 (E.D.N.C. Dec. 28, 2015) ("That non-binding precedent in other jurisdictions may counsel a different result does not constitute substantial grounds for a difference of opinion."); *Nat'l Cmty. Reinvestment Coalition v. Accredited Home Lenders Holding Co.*, 597 F. Supp. 2d 120, 122 (D.D.C. 2009) (denying request for interlocutory appeal where moving party did not "demonstrate[] that there is a split within this district on this issue").

In the alternative, Dalton requests a declaration pursuant to the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). An appealable collateral order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Review Comm'n*,

742 F.3d 82, 86 (4th Cir. 2014). The court's order dismissing Dalton's claim for compensatory and punitive damages will be reviewable upon the entry of final judgment. Therefore, Dalton's request for a declaration pursuant to the collateral order doctrine will also be denied.

### III. CONCLUSION

For the foregoing reasons, Dalton did not demonstrate that there is substantial ground for difference of opinion on the recoverability of compensatory and punitive damages for an ADA retaliation claim. Therefore, Dalton's motion for leave to appeal (Dkt. No. 21) is DENIED.

Entered: September 13, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge